UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARIA T. COOKE, Individually and as representative of the Estate of CHESTER J. COOKE, deceased, and ROSANNA CHAMPION as next friend of GLENN ALEXANDER COOKE, a minor,<br><br>v.<br><br>UNITED STATES OF AMERICA. | Civil Action No. B-01-188 |

UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

PAGE

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ......................... 1

STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT ........................ 1

SUMMARY OF THE ARGUMENT ................................................................................. 2

ARGUMENT .................................................................................................................... 3

I.   THE UNITED STATES CANNOT BE HELD LIABLE
     FOR THE CONDUCT OF AN EMPLOYEE WHO WAS
     NOT ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT ............................ 3

II.  THE UNITED STATES HAD NO DUTY TO CONTROL
     ITS EMPLOYEE'S CONDUCT WHILE HE WAS ACTING
     OUTSIDE THE SCOPE OF HIS EMPLOYMENT ................................................... 6

III. THE DEATH WAS NOT PROXIMATELY RELATED
     TO THE ALLEGED NEGLIGENCE OF THE INS ................................................... 9

CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Borrego v. United States*, 790 F.2d 5 (1st Cir. 1986) .................................................. 3

*Kendrick v. United States*, 854 F. Supp. 453 (E.D. Tex. 1994) ................................... 4

*Pope v. Rollins Protective Services Co.*, 703 F.2d 197 (5th Cir. 1983) ....................... 9

*Sheridan v. United States*, 487 U.S. 392 (1988) .......................................................... 6

*United States v. Orleans*, 425 U.S. 813 (1976) ............................................................ 3

## STATE CASES

*Adami v. Dobie*, 440 S.W.2d 330 (Tex. App. 1969) .................................................... 5

*Ambrosio v. Carter's Shooting Center*, 20 S.W.3d 262 (Tex. App. 2000) .............. 2, 13

*Boyd v. Fuel Distributings, Inc.*, 795 S.W.2d 266 (Tex. App. 1990) ......................... 10

*Bradford v. Fort Worth Transit Co.*, 450 S.W.2d 919 (Tex. App. 1970) ..................... 5

*City of Gladewater v. Pike*, 727 S.W.2d 514 (Tex. 1987) .......................................... 11

*Continued Care, Inc. v. Fournet*, 979 S.W.2d 419 (Tex.App. 1998) ......................... 11

*Cowart v. Kmart Corporation*, 20 S.W.3d 779 (Tex. App. 2000) ........................ 2, 12

*DeLuna v. Guynes Printing Company of Texas*, 884 S.W.2d 206 (Tex. App.
    1994) ....................................................................................................... 2, 6, 7

*Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472 (Tex. 1995) ......... 2, 9, 10, 11

*Drooker v. Saeilo Motors*, 756 S.W.2d 394 (Tex. App. 1988) .................................... 4

*Garcia v. City of Houston*, 799 S.W.2d 496 (Tex. App. 1990) ............................... 1, 4

*Green v. Jackson*, 674 S.W.2d 395 (Tex. App. 1984) .................................................. 5

*Kendall v. Whataburger, Inc.*, 759 S.W.2d 751 (Tex. App. 1988) ........................... 2, 5

*Lincoln Property Co. v. DeShazo*, 4 S.W.3d 55 (Tex.App.1999) .............................. 10

*Mata v. Andrews Transport, Inc.*, 900 S.W.2d 363 (Tex. App. 1995) .................... 1, 4

*McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex. 1980) ....................... 10

*Moore v. Times Herald Printing Co.*, 762 S.W.2d 933 (Tex. App. 1988) .................. 2, 6

*Peek v. Equipment Services, Inc.*, 906 S.W.2d 529 (Tex. App. 1995) ............................. 4

*Pinkham v. Apple Computer, Inc.*, 699 S.W.2d 387 (Tex. App. 1985) ...................... 2, 6

*Simmons v. Flores*, 838 S.W.2d 287 (Tex. App. 1992) ................................................ 12

*Smith v. M System Food Stores*, 156 S.W.2d 112 (Tex. 1957) ....................................... 4

*Story Services, Inc. v. Ramirez*, 863 S.W.2d 491 (Tex. App. 1993) ......................... 2, 11

*Texas and P. Railway Co. v. Shoemaker*, 98 Tex. 451, 84 S.W. 1049 (1905) .............. 10

*Thompson v. B.B. Saxon Co., Inc.*, 472 S.W.2d 325 (Tex. App. 1971) .......................... 5

*Tierra Drilling Corp. v. Detmer*, 666 S.W.2d 661 (Tex. App. 1984) ............................. 5

*Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995) ....................................... 10

*Viking v. Circle K Convenience Stores*, 742 S.W.2d 732 (Tex. App. 1987) ............. 2, 5

*Wolf v. Friedman Steel Sales, Inc.*, 717 S.W.2d 669 (Tex. App. 1986) ....................... 12

## FEDERAL STATUTES

28 U.S.C. §§ 1346(b), 2671-2680 ................................................................................ 1, 3

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiffs filed this action against the United States purporting to invoke jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, for the wrongful death of Glenn Cooke. Cmplt. ¶¶ 1, 3, 6. On April 18, 1998, Mr. Cooke was shot by John Garza with whom he had been involved in a conflict. Cmplt. ¶ 6. The weapon used was a firearm issued by the Immigration and Naturalization Service ("INS") to Pablo Garza who allegedly made it "available" to his son, John Garza. Cmplt. ¶ 6. Plaintiffs assert that the United States should be held liable for Cooke's death for failing to properly supervise Pablo Garza thereby preventing him from violating INS rules concerning the proper handling and storage of a firearm when he was "not in an official capacity and when there was no probability that [the firearm] might be needed. . . ." Cmplt. ¶¶ 8, 9.

The United States has moved to dismiss this action for lack of subject matter jurisdiction on several grounds. First, the United States cannot be held liable for the death of plaintiffs' decedent because Pablo Garza was not acting within the scope of his employment during the incident at issue. Second, the United States was not under a duty to control Pablo Garza's outside-the-scope conduct. Finally, because the alleged negligent conduct of the INS is not causally related to Glenn Cooke's death, plaintiffs' negligence claim fails.

## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

A. Whether the United States can be held liable for the off-duty conduct of an employee who was not acting within the scope of his employment

1. Supporting authority: *Mata v. Andrews Transport*, Inc. 900 S.W.2d 363 (Tex. App. 1995); *Garcia v. City of Houston*, 799 S.W.2d 496 (Tex. App.

1

1990 ); *Kendall v. Whataburger, Inc.*, 759 S.W. 2d 751 (Tex. App. 1988);

*Viking v. Circle K Convenience Stores*, 742 S.W.2d 732 (Tex. App. 1987).

    2.    Standard of Review: This is an issue of law.

B.    Whether the United States had a duty to control its employee's conduct while he was acting outside the scope of his employment

    1.    Supporting authority: *DeLuna v. Guynes Printing Company of Texas*, 884 S.W.2d 206 (Tex. App. 1994); *Moore v. Times Herald Printing Co.*, 762 S.W.2d 933 (Tex. App. 1988); *Pinkham v. Apple Computer, Inc.*, 699 S.W.2d 387 (Tex. App. 1985).

    2.    Standard of Review: This is an issue of law.

C.    Whether the death was proximately related to the alleged negligence of the INS

    1.    Supporting authority: *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 476 (Tex. 1995); *Ambrosio v. Carter's Shooting Center*, 20 S.W.3d 262 (Tex. App. 2000); *Cowart v. Kmart Corporation*, 20 S.W.3d 779 (Tex. App. 2000); *Story Services, Inc. v. Ramirez*, 863 S.W.2d 491 (Tex. App. 1993).

    2.    Standard of Review: This is an issue of law.

## SUMMARY ARGUMENT

Plaintiffs' claim is defective on three independent grounds. First, under the FTCA, the United States can be held liable only for the negligent or wrongful conduct of federal employees acting within the scope of employment. Liability cannot be imposed here because Pablo Garza, who was off-duty on the day of the incident in question, was not acting within the scope of his

2

employment.

Second, the United States did not have a duty to control Pablo Garza's conduct while he was acting outside the scope of his employment. The facts alleged in the Complaint, even if true, do not establish (1) that Pablo Garza was on INS premises or that he was using an INS chattel or that the INS had (2) the ability to control his off-duty conduct; or (3) knowledge of any necessity and opportunity for exercising such control.

Third, the United States cannot be held liable because the failure of the INS to supervise Pablo Garza's handling and storage of his firearm was not the proximate cause of the death of the decedent. The alleged negligence of the INS was not the cause-in-fact of Cooke's death and the INS could not have reasonably foreseen this death as the result of its alleged negligent conduct.

## ARGUMENT

### I. THE UNITED STATES CANNOT BE HELD LIABLE FOR THE CONDUCT OF AN EMPLOYEE WHO WAS NOT ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT

The FTCA was enacted as "a limited waiver of sovereign immunity making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 813 (1976). Title 28 U.S.C. § 1346(b) (conferring exclusive jurisdiction over claims for money damages against the United States for injuries caused by a federal employee while "acting within the scope of his office or employment"). The determination of whether an employee of the United States acted within his scope of employment "is a matter to be determined in accordance with the law of the place in which the alleged negligent act or omission occurred." *Borrego v. United States*, 790 F.2d 5, 6 (1st Cir. 1986); *Kendrick v. United States*, 854 F. Supp. 453, 456 (E.D. Tex. 1994).

Under the law of Texas, an employer can be held liable for an employee's conduct under *respondeat superior* only if the acts of the employee fall within the scope of his employment. *Mata v. Andrews Transport*, Inc. 900 S.W.2d 363, 366 (Tex. App. 1995); *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 396 (Tex. App. 1988). In other words, the conduct in question must be (a) within the general authority given to him; (b) in furtherance of the employer's business; and (c) for the accomplishment of the object for which the employee was employed. *Mata*, 900 S.W.2d at 366. However, when the conduct is unrelated to the master's business and "is performed as a resentment of insults, or in the furtherance of personal animosities of the servant, the master is not liable." *Peek v. Equipment Services, Inc.*, 906 S.W.2d 529, 531 (Tex. App. 1995), *quoting Smith v. M System Food Stores*, 156 S.W.2d 112, 114 (Tex. 1957).

On the day of the incident, Pablo Garza was not on duty. (*See* Declaration of Rosemary Gonzalez, which is attached to the Motion at Tab A.) Plaintiffs have not alleged–nor could they do so in good faith–that Pablo Garza's activities on that day had any connection to INS authority, business or objectives. Instead, as the Complaint establishes, the death of plaintiffs' decedent resulted from a personal dispute between two private individuals. Even assuming that Pablo Garza made his service weapon "available" to his son, that conduct was not "within the general authority given to him" by the INS, was not "in furtherance of the [INS's] business," and did not "accomplish[ ] the object for which [Pablo Garza] was employed." *See Mata*, 900 S.W.2d at 366.

*Garcia v. City of Houston*, 799 S.W.2d 496 (Tex. App. 1990 ), is instructive. In that case, plaintiffs sued the city for injuries they sustained when a city employee driving a city-owned vehicle negligently struck their vehicle. The court concluded that the employee was not acting

4

within the scope of his employment because he was off-duty at the time of the accident and was not engaged in serving his master when the accident occurred. *See also, Thompson v. B.B. Saxon Co., Inc.*, 472 S.W.2d 325 (Tex. App. 1971) (because driver of employer's truck and supervisor-passenger were not "acting in the furtherance of their employer's business at the time of the accident," or "on any special mission for defendant," they were not acting within the scope of employment as a matter of law).

Texas courts have also repeatedly held that an employer is not liable for actions taken by an employee who, even for a short period of time, turns aside the prosecution of his master's business to engage in conduct wholly his own in order to pursue his own business or pleasure. *See Kendall v. Whataburger, Inc.*, 759 S.W.2d 751 (Tex. App. 1988) (assault by fast food employee on customer was not connected with and did not immediately arise out of the employee's job of taking food orders and preparing and delivering food to customers); *Viking v. Circle K Convenience Stores*, 742 S.W.2d 732 (Tex. App. 1987) (convenience store employee was not acting with scope of employment when he left the store to assault plaintiff who scratched employee's car); *Green v. Jackson*, 674 S.W.2d 395 (Tex. App. 1984) (employee was not acting within scope of employment when he fought with a customer over a long-simmering and rancorous personal animosity arising out of a personal debt); *Tierra Drilling Corp. v. Detmer*, 666 S.W.2d 661 (Tex. App. 1984) (supervisor was not acting within scope of employment by assaulting employee over supervisor's dislike of Texans); *Bradford v. Fort Worth Transit Co.*, 450 S.W.2d 919 (Tex. App. 1970) (because bus driver's sole motive in shooting passenger who attacked him was self-defense, he was not acting within the scope of employment); *Adami v. Dobie*, 440 S.W.2d 330 (Tex. App. 1969) (no employer liability for employee's killing of person

who failed to close gate on a ranch where the employee left the land to confront the deceased).

In this case, Pablo Garza did not merely deviate from his employer's business, he was never engaged in INS business on the day that plaintiffs' decedent was shot. Accordingly, because Pablo Garza was not acting within the scope of his employment under Texas law, plaintiffs' claim is not cognizable under the FTCA. *See Sheridan v. United States*, 487 U.S. 392, 399 (1988) ("[t]he tortious conduct of an off-duty [federal employee], not acting within the scope of employment, does not itself give rise to Government liability whether that conduct is intentional or merely negligent").

## II. THE UNITED STATES HAD NO DUTY TO CONTROL ITS EMPLOYEE'S CONDUCT WHILE HE WAS ACTING OUTSIDE THE SCOPE OF HIS EMPLOYMENT

Under Texas law, an employer does not have a duty to control his employee, who is acting outside the scope of his employment, from causing harm to third parties unless (1) the employee is on the employer's premises or is using the employer's chattels and the employer (2) "knows or has reason to know that he has the ability to control his servant," and (3) "knows or should know of the necessity and opportunity for exercising such control." *DeLuna v. Guynes Printing Company of Texas*, 884 S.W.2d 206 (Tex. App. 1994); *Moore v. Times Herald Printing Co.*, 762 S.W.2d 933 (Tex. App. 1988) (employer owed no duty because it had no knowledge of employee's incapacity and did not perform an affirmative act to control employee's conduct); *Pinkham v. Apple Computer, Inc.*, 699 S.W.2d 387 (Tex. App. 1985) (employer owed no duty because it did not perform any affirmative action to control intoxicated employee at an off-premises party).

Here, the Complaint fails to provide a basis for imposing liability for the INS's failure to

supervise Pablo Garza's lax storage of his firearm. First, the Complaint does not allege that Pablo Garza was on the premises of INS or that he was using an INS chattel–the gun–at the time. Instead, the Complaint is clear that the firearm was used only by his son who fired the shot that killed plaintiffs' decedent. Second, because Pablo Garza was off-duty, INS had no ability to control his conduct while he was engaged in his personal pursuits. Third, the Complaint does not allege any facts which, if proved, would establish that the INS reasonably should have known of any necessity and opportunity for exercising control over Pablo Garza at the relevant time. Indeed, the Complaint does not contend that the INS reasonably should have known of the purely personal dispute between John Garza and Glenn Cooke.

*DeLuna v. Guynes Printing Company of Texas*, 884 S.W.2d 206 (Tex. App. 1994), is instructive. In that case, plaintiffs sued the employer for injuries they sustained as a result of an automobile accident caused by an intoxicated off-duty employee. On the date of the incident, the employee left work and consumed alcoholic beverages in his car in a nearby parking lot. Shortly thereafter, the employee drove off and collided with the plaintiffs' vehicle. Plaintiffs alleged that the employer was liable because it knowingly allowed and failed to prevent the consumption of alcohol near its premises, failed to warn its employees of the dangers of drinking and driving, and failed to disseminate and enforce adequately its written policy regarding the possession and/or consumption of alcohol on or near its premises. They further alleged that, because the employer knowingly permitted its employees to consume alcoholic beverages on or near its premises on a regular basis, it "owed a duty to exercise ordinary care with respect to known dangers." *Id*. The lower court granted the employer's motion for summary judgment, citing a number of factors:

7

> that at the time of the accident, [the employee] was an off-duty employee, that the accident occurred on a public street hours after his work shift had ended, and that at the time of the occurrence, he was driving his own automobile for personal purposes and not on company business, and thus, [the employer] had no liability under Texas law for damages resulting from [the employee's] alleged intoxication.

*Id.* On appeal, plaintiffs argued that the lower court erred in dismissing the action because there were genuine issues of fact as to whether the drinking occurred on the employer's premises, whether the employer had knowledge of its employees drinking on its premises, whether there "existed a necessity and opportunity for control," and whether the employer had a duty to control the conduct of off-duty employees. Plaintiffs based their argument upon section 317 of the Restatement, which provides that

> [a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
>     (a)    the servant
>
>            (i)    is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
>
>            (ii)    is using a chattel of the master, and
>
>     (b)    the master
>
>            (i)    knows or has reason to know that he has the ability to control his servant, and
>
>            (ii)    knows or should know of the necessity and opportunity for exercising such control.

*Id.* at 208. In rejecting plaintiffs' argument, the appellate court ruled that "in order for a duty to arise, the employer must not only have some knowledge of the employee's condition or incapacity, but must exercise some control or perform some affirmative act of control over the

8

employee." *Id.* at 209. The plaintiffs' claim failed because they were unable to show that the employer had knowledge prior to the incident that its off-duty employees were abusing alcohol on or near the premises, or that the employer had taken any affirmative action to control the employee in question.

Here, the Complaint does not allege that Pablo Garza was on any premises owned or controlled by the INS or that he used the firearm in question. Moreover, in the absence of a showing that the INS had any knowledge of Pablo Garza's off-duty conduct relative to the events that occurred on April 18, 1998, had any ability to control his control, or took any affirmative action in this regard, liability cannot be imposed.

Accordingly, because the United States, under Texas law, had no duty to control Pablo Garza's conduct while he was acting outside the scope of his employment, plaintiffs' claim is not cognizable under the FTCA.

III.    THE DEATH WAS NOT PROXIMATELY RELATED TO THE ALLEGED NEGLIGENCE OF THE INS

Not only are plaintiffs unable to show the existence of a duty, they cannot establish proximate cause. Under Texas law, proximate cause consists of two elements: cause-in-fact and foreseeability. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 476 (Tex. 1995); *Pope v. Rollins Protective Services Co.*, 703 F.2d 197, 202 (5th Cir. 1983). In order to prevail, plaintiffs must show that Cooke's death was foreseeable to the INS and that the INS's alleged conduct was the "but for" cause of that death. Here, it is apparent from the face of the Complaint that the "but for" cause of death was a shot fired by John Garza in the course of a personal dispute with the decedent. This death was unrelated to INS business and plaintiffs have

9

not set forth any facts which could establish that this death was reasonably foreseeable by the INS. Therefore, even assuming that the INS was negligent in failing to properly supervise Pablo Garza, thereby preventing him from violating INS rules concerning the proper handling and storage of a firearm when he was not working, this conduct was not the proximate cause of the death of the plaintiffs' decedent.

Proximate cause must be proven by evidence of prohibitive force. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex. 1980); *Lincoln Property Co. v. DeShazo*, 4 S.W.3d 55, 60 (Tex.App.1999). The elements of proximate cause, cause-in-fact and foreseeability, cannot be established by mere conjecture, guess, or speculation. *Doe*, 907 S.W.2d at 476. Further, the factfinder cannot presume a causal connection between an alleged negligent act or omission and an injury any more than it could presume that the act or omission itself had occurred. *Texas and P. Ry. Co. v. Shoemaker*, 98 Tex. 451, 84 S.W. 1049, 1052 (1905).

Negligence is a cause-in-fact of a harm only when the injury would not have occurred without it. *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775-76 (Tex. 1995) (injury would not otherwise have occurred "but for" the defendant's act or omission). There is no cause-in-fact when the defendant's negligence merely provided a condition that made the injury possible. *Doe*, 907 S.W.2d at 477. "The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries. . . [and] justify the conclusion that such injury was the natural and probable result thereof." *Id.*, citing *Boyd v. Fuel Distribs., Inc.*, 795 S.W.2d 266, 272 (Tex. App. 1990) (holding that convenience store's sale of beer to an eighteen-year-old passenger of a car was not the cause-in-fact of the drunk driver's fatal accident because the sale was not to the driver).

10

In this case, the only alleged "but for" cause of Cooke's death is the failure to enforce rules concerning the use, handling and storage of INS firearms. *See* Cmplt. ¶¶ 8, 9. This is insufficient because the omission at best only provided a condition that made this particular gun available to the assailant. It would not have precluded the death of the decedent by other means, given the son's willingness to resort to violence. Therefore it cannot satisfy the cause-in-fact element of proximate cause.

Plaintiffs also cannot establish that the INS should have reasonably anticipated that its alleged conduct created a risk of injury of the general character suffered. *Doe*, 907 S.W.2d at 478. The question of foreseeability, and proximate cause generally, involves a practical inquiry based on "common experience applied to human conduct." *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987) (quoting *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231, 236 (Tex. App. 1985)). "Foreseeability requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Continued Care, Inc. v. Fournet*, 979 S.W.2d 419, 421 (Tex.App. 1998). Applying this standard, Cooke's death was not reasonably foreseeable from the INS's alleged failure to properly supervise Pablo Garza when he was off-duty.

*Story Services, Inc. v. Ramirez*, 863 S.W.2d 491 (Tex. App. 1993), is instructive. In that case, plaintiffs' vehicle was struck by a van driven by a drunk driver who was speeding in the wrong direction on a one-way street. The dealership contended that the van was stolen and that the drunk driver did not have permission or consent to drive the van. After a jury verdict in favor of plaintiffs, the dealership appealed. The appellate court found that the evidence that the van was left running and unattended was sufficient to support the negligence finding. It reversed,

11

however, the proximate cause finding, concluding that the accident was not foreseeable. In support of this conclusion, the court cited a number of cases that "held generally that theft and subsequent negligent operations are not the reasonably foreseeable risk of leaving a car unattended with the key in the ignition." *Id.* at 496, citing *Wolf v. Friedman Steel Sales, Inc.*, 717 S.W.2d 669 (Tex. App. 1986) and *Simmons v. Flores*, 838 S.W.2d 287 (Tex. App. 1992). The court further noted that

> a prior cause cannot be made the basis for an action for damages if it does nothing more than furnish the condition or give rise to the occasion which makes the injury possible, if such injury is the result of some other cause which reasonable minds would not have anticipated, even though the injury would not have occurred but for such condition.

*Id.* at 497. This issue, the court found, should be decided as a matter of law. "To hold otherwise means that one whose negligence results in their car being stolen, is an insurer for the damages of a person injured by a thief who is a reckless or incompetent driver." *Id.*

*Cowart v. Kmart Corporation*, 20 S.W.3d 779 (Tex. App. 2000), is also instructive. In that case, plaintiffs sued Kmart for the shooting of their decedent, alleging that it negligently sold ammunition to minors who loaded it into a pistol they obtained from a family member. Later, after these individuals consumed alcohol, they were involved in a confrontation with the plaintiffs' decedent. The court held that "the superceding and intervening actions of third-parties prevent, as a matter of law, any finding of duty or proximate cause on behalf of Kmart Corporation." *Id.* at 779, fn. 4. The appellate court affirmed, finding the criminal conduct was a superceding cause of the death. The court further found that there was no evidence that any Kmart employee had been alerted that the persons to whom the ammunition was sold would

12

engage in criminal conduct and, therefore, the foreseeability element of the claim was negated.

A similar conclusion was reached in *Ambrosio v. Carter's Shooting Center*, 20 S.W.3d 262 (Tex. App. 2000). In that case, plaintiffs brought suit against a gun store, alleging that it failed to secure the firearm that was used to shoot their decedent. The firearm in question was stolen from the defendant's display case and then sold and loaned to several other individuals before it ended up in the hands of a car jacker who shot plaintiffs' decedent. The appellate court held that the "failure to exercise care in the storage and display of [defendant's] firearms is too remote and attenuated from the criminal conduct of the three car jackers to constitute a legal cause of injury to either [plaintiffs' decedent] or his parents." *Id*. at 266.

Likewise, in the instant case, the conduct of the INS was too remote and attenuated to be the proximate cause of the decedent's death. Cooke's death occurred as a result of not one but a series of events that were only tenuously related to any INS conduct: (1) John Garza had a dispute with Glenn Cooke; (2) Pablo Garza, who was off-duty, allowed his son to have access to his service-issued firearm; and (3) John Garza shot Cooke using that weapon. *See* Cmplt. ¶ 6; Tab A. Because none of these events were reasonably foreseeable by the INS, its failure to supervise Pablo Garza's compliance with INS rules and regulations was not the proximate cause of plaintiffs' injuries. Instead, the actual and proximate cause of Cooke's death was the intentional and wrongful acts of Pablo Garza's son John.

## CONCLUSION

For the foregoing reasons, plaintiffs' Complaint should be dismissed with prejudice.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

MICHAEL T. SHELBY
U.S. Attorney
Southern District of Texas

PHYLLIS J. PYLES
Assistant Director, Torts Branch
Civil Division

_____
STEPHEN E. HANDLER
Attorney-in-Charge
Reg. No. 6188141 (Illinois)
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, DC  20044
(202) 616-4279 (Office)
(202) 616-5200 (Facsimile)

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on _February 25, 2002_, I caused to be served upon the following counsel a true and correct copy of the United States' Memorandum in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment, via First Class Mail to:

> Barry R. Benton
> Attorney at law
> 284 Ebony Avenue
> Brownsville, Texas  78520

_____
Stephen E. Handler