9

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 8 2002

Michael N. Milby
Clerk of Court

MARIA T. COOKE, Individually and )
as representative of the Estate of )
CHESTER J. COOKE, deceased, )
and ROSANNA CHAMPION as )
next friend of GLENN ALEXANDER )
COOKE, a minor, )   Civil Action No. B-01-188
 )
v. )
 )
UNITED STATES OF AMERICA. )
_____)

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
Under Rule 26(f)
Federal Rules of Civil Procedure

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   The meeting occurred by telephone on February 27, 2002  Barry R. Benton, 284 Ebony Avenue, Brownsville, TX 78520-8014, attended for plaintiff.  Stephen E. Handler, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Benjamin Franklin Station, P.O. Box 888, Washington, DC 20044, attended for the United States.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

   Plaintiffs invoke the court's subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

4. **Name the parties who disagree and the reasons.**

   The United States disagrees that the court has subject matter jurisdiction. The United States cannot be held liable for the conduct of Pablo Garza because he was not acting within the scope of his federal employment during the incident at issue.  28 U.S.C. § 1346(b).

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Initial disclosures have not been made by the United States because it filed a dispositive motion, *in lieu* of an Answer to the Complaint. It is defendant's position that no discovery should be taken until its dispositive motion is ruled upon, especially since subject matter jurisdiction is at issue. In the event that the motion is denied, plaintiffs and the United States will make Rule 26(a) disclosures within 20 days.

9. **Describe the proposed agreed discovery plan, including**:

   A. Responses to all the matters raised in Rule 26(f).

   Plaintiffs and the United States will make Rule 26(f) disclosures on or before May 3, 2002.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiffs anticipate that they will send interrogatories and requests for the production of documents to the United States on or before May 17, 2002.

   C. When and to whom the defendant anticipates it may send interrogatories.

   The United States anticipates that it will send interrogatories and requests for the production of documents to each plaintiff on or before May 17, 2002.

2

D.   Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiffs anticipate that they will depose all witnesses identified by the United States, as well as all other relevant witnesses, on or before September 30, 2002

E.   Of whom and by when the defendant anticipates taking oral depositions.

The United States anticipates that it will depose each plaintiff and all witnesses identified by plaintiffs, as well as all other relevant witnesses, by September 30, 2002.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs anticipate that they will designate experts and provide expert reports pursuant to Rule 26(a)(2)(B) by November 15, 2002. The United States anticipates that it will designate experts and provide expert reports pursuant to Rule 26(a)(2)(B) by December 16, 2002.

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

Plaintiffs will depose the United States' experts on or before January 31, 2003.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

The United States will depose plaintiffs' experts on or before February 28, 2003.

Because the United States has filed a dispositive motion, it does not anticipate that any discovery will be initiated until the Court disposes of the pending motion. In the event that the motion is denied within 30 days of the date of the March 18, 2002, Conference, the parties recommend the aforementioned discovery schedule.

10.   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

See the response to no. 9.

3

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   None.

12. **State the date the planned discovery can reasonably be completed.**

   See response to No. 9.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   None at this time.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The United States has moved to dismiss the action.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   None at this time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The United States does not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

   A jury demand was not made.

18. **Specify the number of hours it will take to present the evidence in this case.**

   It is unknown at this time how many hours it will take to present evidence.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None.

20. **List other motions pending.**

United States' Motion to Dismiss or, in the Alternative, for Summary Judgment.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None known at this time.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Plaintiffs' Counsel: Barry R. Benton, 284 Ebony Avenue, Brownsville, TX 78520-8014. State Bar No. 02176500, Federal I.D. No. 3968. Telephone number: (956) 546-9900; Facsimile number: (956) 546-9997.

Defendant's Counsel: Stephen E. Handler, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Benjamin Franklin Station, P.O. Box 888, Washington, DC 20044. Illinois State Bar No. 6188141. Telephone number: (202) 616-4279; Facsimile number: (202) 616-5200.

**APPROVED**:

_Barry Benton by SEH_           _2/26/02_
Counsel for the Plaintiffs          Date

_Stephen Handler_          _2/26/02_
Counsel for the Defendant          Date

5

## CERTIFICATE OF SERVICE

I hereby certify that on *February 26, 2002*, I caused to be served upon the following counsel a true and correct copy of the Joint Discovery/Case Management Plan, via First Class Mail to:

> Barry R. Benton
> Attorney at law
> 284 Ebony Avenue
> Brownsville, Texas  78520

                                                    Stephen E. Handler